```
           IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEBRASKA
```

UNITED STATES OF AMERICA,      )
                               )
            Plaintiff,         )
                               )         8:04CR142
      v.                       )
                               )
MARSHALL T. BOX,               )
                               )     MEMORANDUM AND ORDER
            Defendant.         )
                               )

Plaintiff has moved to set this case for trial. Defendant has had a difficult time obtaining and keeping the services of counsel. Although the case has been on file since March 17, 2004 and the defendant first appeared on March 23, 2004, defendant has been represented now by four different lawyers, one of them twice. Defendant's family has apparently approached private attorneys to represent defendant in this case, but for one reason or another, either the attorney had a conflict of interest or the attorney did not, after a period of service to defendant, live up to the defendant's expectations and was discharged. Thus, it cannot be said that the defendant is totally without fault for the delay in resolving this case.

In fact, the case was at one time set for a guilty plea, first by order of Judge Kopf entered November 3, 2004. The plea proceeding has been continued several times since then. At the last scheduled plea proceeding, on March 23, 2005, defendant appeared again without counsel and later asked for the appointment of counsel. I granted that request and appointed a Criminal Justice Act attorney to represent him, ironically, one

of the defendant's earlier attorneys.  That attorney entered his appearance on April 5, 2005.

     Although it is inappropriate to force defendant to trial too soon, this matter must be brought to trial or other resolution promptly.  I shall grant the motion to set it for trial, and I shall, *sua sponte*, exclude all the elapsed time since the defendant's initial appearance until his present counsel has had thirty days to familiarize himself with the case, that is, until May 5, 2005.  The Speedy Trial Act, 18 U.S.C. 3161(h)(8)(B)(iv) addresses the defendant's need to have his lawyer have a reasonable time to prepare for trial.  In this case I do find that the "failure to grant such a continuance [in setting a date for trial] . . . would unreasonably deny the defendant . . . continuity of counsel [and] would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."  I therefore conclude that the ends of justice in scheduling the trial as appears in the order below, outweighs the interests of the public and the defendant in a speedy trial.  18 U.S.C. 3161(h)(8)(A).  Defendant is advised, however, that this "fresh start" will not be repeated.

     IT THEREFORE HEREBY IS ORDERED, the plaintiff's motion to set for trial, filing 57, is granted, and

     a.  Trial is set to commence at 9:00 a.m. on August 1, 2005 in the Special Proceedings Courtroom in the Roman L. Hruska United States Courthouse, Omaha, Nebraska, before the Hon. Richard G. Kopf.  Jury selection will be at the commencement of trial.

     b.  Any motions shall be filed on or before May 23, 2005.

     c.  Any hearings on motions, if necessary, will be held on June 16, 2005 commencing at 2:30 p.m. or as soon thereafter as the case may be heard, before the undersigned magistrate judge in

the Special Proceedings Courtroom, Hruska Courthouse, Omaha, Nebraska.

   d. The remaining provisions of the court's previous progression order, filing 7, not amended by these date changes, are reinstated.

   DATED this 9th day of May, 2005.

                              BY THE COURT:

                              s/ *David L. Piester*
                              David L. Piester
                              United States Magistrate Judge