IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:04CR142 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| MARSHALL T. BOX, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

    Marshall T. Box seeks a sentence reduction under retroactive "crack" Guidelines. I consulted with counsel by telephone on August 20, 2008. They agreed that this matter is ripe for decision without further briefing or submissions.

    Having considered the defendant's motion to reduce sentence and request for evidentiary hearing, and the associated brief, I will deny the motion. The defendant is categorically ineligible for a sentence reduction. Moreover, I would not give him additional relief even if I had the discretion to do so.

    As shown by the Retroactive Sentencing Worksheet and the Presentence Report, I held the defendant responsible for 6.09 kilograms of "crack" when I sentenced him the first time.[1] Even under the new "crack" Guidelines,[2] 6.09 kilos of

---

[1] The presentence report specifically found that the defendant was responsible for 6.09 kilos of "crack" and, after giving the parties an opportunity to object and finding that no party had any objections, I expressly concluded "that the presentence report is correct in all respects." (*Compare* filing 74 at CM/ECF p. 6 (PSR) with filing 72 at CM/ECF p. 1 (Tentative Findings).).

[2] Amendment 706, effective November 1, 2007, increased the quantity of "crack" necessary to trigger a level 38 from 1.5 kilos to 4.5 kilos. *See* U.S.S.G. *Supplement to Appendix C*, at 226 (amendments to the Guidelines Manual effective November 1, 2004, through November 1, 2007); U.S.S.G. § 2D1.1(c)(1) (2007) (Drug

"crack" triggers a base offense level of 38, the same offense level that was applied to Box at his first sentencing. Nothing else changed. As a consequence, the sentencing *range* remains the same as it was before.

Since Box's sentencing *range* has not been changed by an amendment to the Guidelines, Box is not entitled to relief as a categorical matter. *See*, *e.g.*, *United States v. Valentine*, —F. Supp. 2d —, 2008 WL 2695944 at * 3-4 (D. Neb., July 9, 2008) (holding that where a defendant was held responsible for distribution of 5 kilos of "crack," and sentencing range was not changed by amendments to "crack" Guidelines that increased triggering amount for a base offense level of 38 from 1.5 kilos to 4.5 kilos, the court had no power to reduce the defendant's sentence under U.S.S.G. § 1B1.10(a)(2)(B) (2008) and 18 U.S.C. § 3582(c)(2).)

Moreover, even if I had the discretion to consider a sentence reduction, I would not give the defendant any relief. I have three related reasons for that conclusion: (1) I have already cut the defendant's sentence to 144 months pursuant to Rule 35; (2) as shown by the Retroactive Sentencing Worksheet, there are vexing public safety issues associated with the defendant given his prior record of serious assaults and street gang membership; and (3) as shown by the Retroactive Sentencing Worksheet, the defendant has been disciplined three times while in prison, once for fighting, and that record provides additional cause for concern about public safety.

Accordingly,

---

Table; Level 38). Amendment 706 was made retroactive effective March 3, 2008. *See* U.S.S.G. *Supplement to the 2007 Guidelines Manual*, Amendment 713, at 80-81 (May 1, 2008). Also, the Guidelines that govern how retroactive amendments are to be applied (U.S.S.G. § 1B1.10) were modified at the same time. *See* U.S.S.G. *Supplement to the 2007 Guidelines Manual*, Amendment 712, at 72-80 (May 1, 2008). This change was also effective March 3, 2008. *Id.* at 80.

IT IS ORDERED that:

1. The defendant's motion to reduce sentence and request for evidentiary hearing ([filing 104](filing 104)) is denied.

2. My chambers shall instruct the probation officer to file the Retroactive Sentencing Worksheet in the court file.

DATED this 25th day of August, 2008.

>BY THE COURT:
>*s/Richard G. Kopf*
>United States District Judge